KING COLLEGE *v.* KING ANDERSON *et al.*

(*Knoxville.* September Term, 1923.)

**CHARITIES.** Trust deed held to authorize trustees to sell all land conveyed and change location of college founded thereon.

A trust deed, authorizing the trustees to found a college and to sell the land conveyed only in pursuance of the direction of a certain presbytery "for the more successful and convenient prosecution of the objects of this conveyance," by implication empowers the trustees to sell and convey all of the land and change the location of the college under such direction; a further clause directing that the proceeds of sale shall be used "to improve or aid in improving the residue of the property," applying to the disposition of the fund rather than the power of sale.

FROM SULLIVAN.

Error to the Chancery Court of Sullivan County—HON. HAL H. HAYNES, Chancellor.

JOSEPH A. CALDWELL, for King College.

ST. JOHN & GORE, for Anderson and others.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this case was filed to ratify a sale of certain property conveyed to King College in 1866 by James King, a distinguished Presbyterian minister, the conveyance

King College v. Anderson.

running to trustees for the uses and purposes set out therein, and a construction of this deed is therefore involved. The pertinent recitals of this deed are as follows:

"But the foregoing grant to the said William P. Brewer, Joseph R. Anderson and John G. King, trustees, is made upon the following conditions and for the following uses and trusts, and no other, to-wit:

"It is the desire of the said James King, Sr., that an institution should be permanently established at Bristol, Tennessee, having for its ultimate object the education of young men for the ministry, and to be under the supervision and control of Holston presbytery of the Synod of Nashville, and to be governed both in the selection of the text-books to be taught in the same, and the discipline to be exercised in the government of the students attending the same, by the recognized principles of the Presbyterian Church of the United States, and by no other; that for the present, and until a, sufficient endowment fund shall be obtained, said institution shall be conducted in such manner as will best promote the interests of education generally to be styled 'Bristol High School.' But when a sufficient endowment shall be obtained, or when in the opinion of said presbytery, it may be judicious to do so, they may apply to the legislature of the State for an act of incorporation under the name and stlye of 'King's College,' conferring upon said college all the rights and privileges which are conferred upon other colleges in the State, or such as may be applied for by said presbytery.

"And whereas furthermore, it is the desire of said James King, Sen., that said property herein conveyed be strictly applied toward the accomplishment of the objects above pointed out, and for the promotion of the same, and no

other, said trustees hereinbefore named, to-wit, William
P. Brewer, Joseph R. Anderson and John G. King, are
hereby nominated and appointed as trustees aforesaid,
to hold the houses, land, etc., herein given, granted and
conveyed for the sole use and benefit of said objects, and
for no other, and are hereby required to see that the prop-
er application is made thereof, according to the true mean-
ing and intent of this instrument.

"Said trustees shall hold their offices during their natur-
al lives, or until they resign, and if any one of said trustees
should die or resign, the remaining two shall elect one
to supply the vacancy, provided that, if they cannot agree,
the moderator of the Holston presbytery shall give the
casting vote. Said trustees shall have no power to sell
or convey said land or any part thereof, except, in pur-
suance of a proviso to be hereinafter inserted, the Holston
presbytery shall so direct, and then only in pursuance
of said direction. And if the trust herein created be
faithfully executed, and the property herein conveyed be
applied to the uses and benefit of the objects in this deed
specified in the manner and form in this deed pointed out,
then this grant and conveyance to remain binding and of
full force and virtue, otherwise, that is to say, if said
property so conveyed, or any portion thereof shall be ap-
propriated to any other purpose or object, than what is
expressed in this deed, and according to the strict tenor
thereof, then this deed to be void, and said grant above
mentioned to cease, and no longer be of binding force,
and the land together with all houses and appurtenances
thereunto belonging above conveyed and such as may be
annexed hereafter, to revert to and vest in the legal heirs
of the said James King, Sr., in as full and ample a man-

ner as if said grant to said trustees had never been made. But it is understood and agreed that the trustees hereinbefore mentioned, or their successors, shall have power and are required, if the said Holston presbytery shall so direct and order, to sell and convey such portion of the tract or parcel of land herein before conveyed as in the discretion of said presbytery they may choose to sell and convey to raise a fund to improve or aid in improving the residue of said property for the more successful and convenient prosecution of the objects of this conveyance."

It appears from the record that the purposes indicated by the grantor have been finely fulfilled, and that King College thus founded and provided for has performed a great service to the denomination and to the cause which was evidently on the heart of the grantor. Many men of prominence and wide usefulness are indebted to King College and its founder for their preparation for useful and successful service. The record further discloses that it has recently become necessary, in order to meet the demands upon this institution, to enlarge its quarters and to remove the plant from the congested location in which it found itself, as a result of the growth of the city of Bristol, to another part of the city where provision has been liberally made for the growth and expansion of this useful Christian educational institution. It is conceded that this change in location is not only desirable, but necessary, if this institution is to continue uninterruptedly in the performance of the purposes evidently in the mind of its founder, the grantor. In this situation the organized authorities of the Presbyterian Church have made this change in location and have authorized and called upon the trustees holding title to this property to sell the tract

originally conveyed by the grantor and apply the proceeds for the permanent use and benefit of the institution. It further appears that a great majority of the descendants and heirs of the original grantor have agreed to the sale of the property, under these circumstances and conditions, and are actively promoting the ratification of the sale sought in this proceeding. The contest in the court below was made on behalf of certain minors who were not legally in position to consent, and the record indicates that this contest on their behalf was more formal than actual. However, the record is filed in this case for writ of error by three heirs of full age, who insist that there is no authority conferred by the terms of the original deed for the making of the sale.

A casual reading of this instrument, which we are called upon to construe, carries to the mind of the reader irresistibly the conviction that the action now being taken is directly in line with the real purpose and desire of the distinguished founder of King College, and the real question presented is whether or not he has by inadvertence so restricted the terms of his conveyance as to cut off the right of sale and thus in effect defeat the realization in its fullness of what was evidently his heart's desire.

Applying well-recognized rules of construction, it would seem that when we have reached this conclusion as to intention of the grantor we have reached a conclusion of the whole matter. Nothing is better settled than that it is the duty of the courts, as a primary consideration, to give effect to the manifest intent of a grantor.

Counsel for the minors quote from the deed of James King in support of the theory of limitation of power of sale, first the following paragraph, underscoring as we do:

King College v. Anderson.

"It is the desire of the said James King, Sr., that an institution should be permanently established at Bristol, Tennessee, having for its ultimate object the education of young men for the ministry. . . . And whereas furthermore, it is the desire of said James King, Sen., that said property herein conveyed be *strictly applied* toward the accomplishment of the objects above pointed out, and for the promotion of same, and no other, said trustees hereinbefore named, . . . are hereby, nominated and appointed as trustees aforesaid, to hold the houses, lands, etc., herein given, granted and conveyed for the *sole use and benefit of said objects,* and no other, and are hereby required to see that the proper application is made hereof, according to the true meaning and intent of this instrument."

Also the following paragraph, providing for a reversion in the event the terms of the grantor are not complied with:

"And if the trust herein created be faithfully executed and the property herein conveyed be applied to the uses and benefit of the objects in this deed specified in the manner and form in this deed pointed out, then this grant and conveyance to remain binding and of full force and virtue, otherwise, that is to say, if said property so conveyed, or any portion thereof shall be appropriated to any other purpose or object, than what is expressed in this deed, and according to the strict tenor thereof, then this deed to be void, and said grant above mentioned to cease, and no longer be of binding force, and the land together with all houses and appurtenances thereunto belonging above conveyed and such as may be annexed hereafter, to revert to and vest in the legal heirs of the said James King, Sr.,

in as full and ample a manner as if said grant to said trustees had never been made."

If this was all the language contained in the deed, its construction would be more seriously involved in difficulty, but by reference to the fuller quotation hereinabove given in the opening of this opinion, it will be observed that the following paragraphs occur:

"Said trustees shall have no power to sell or convey said land or any part thereof, except, in pursuance of a proviso to be hereinafter inserted, the Holston presbytery shall so direct, and then only in pursuance of said direction.

. . . . . .

"But it is understood and agreed that the trustees hereinbefore mentioned, or their successors, shall have power and are required, if the said Holston presbytery shall so direct and order, to sell and convey such portion of the tract or parcel of land hereinbefore conveyed as in the discretion of said presbytery they may choose to sell and convey to raise a fund to improve or aid in improving the residue of said property for the more successful and convenient prosecution of the objects of this conveyance."

The first paragraph here quoted restricts the power to sell or convey except upon a condition therein named; that is, that a sale shall not be made unless "the Holston presbytery shall so direct, and then only in pursuance of said direction." Clearly by implication the donor thus evidences his intention to permit a sale when made in pursuance of the direction of the Holston presbytery. And this intent is further confirmed by the second paragraph above quoted, in which the trustees are expressly empowered to sell under the direction of the Holston

presbytery to raise a fund to aid in improving the residue of said property "for the more successful and convenient prosecution of the objects of this conveyance." The only language used in this paragraph, which can be relied upon as in any degree limiting the power to sell all of the property "for the more successful and convenient prosecution of the objects of this conveyance," are the words "to improve or aid in improving the residue of said property." This limitation has application rather to the disposition of the fund realized from the sale than to the power of sale itself. Power is clearly granted to sell and convey such portion of the land as in the discretion of the presbytery it may become desirable to sell. All of it may be sold under this grant of power. Is it to be said that it was the purpose of the grantor to restrict the use of the proceeds to some part of this identical tract, even though in the discretion of the presbytery it should be found, in the passing of the years, that the real objects of this conveyance, the founding, operation, and development of a Christian educational institution, could be more successfully and conveniently carried out by shifting the site to another location in the same community, affording greater facilities for growth and expansion and larger opportunities for service? What is the intention of the grantor that under these conditions the title to these lands donated by him should revert to his heirs rather than be applied to the prosecution of the philanthropic "objects of this conveyance?" This would be a narrow and inconsistent view. The sale now being made so clearly comes within the evident thought and purpose of the grantor as expressed in the concluding lines of this paragraph—that is, "for the

more successful and convenient prosecution of the objects of this conveyance" that we feel justified in giving a liberal construction to the paragraph as a whole, thereby carrying out that which all must concede would be the desire of the grantor if he were himself in position to speak.

The authorities cited and relied upon by counsel for plaintiff in error are, none of them, in conflict with the conclusion we have reached, based upon the elementary proposition which needs no citation of authority, that it is the duty of the court to give effect to the intention of the grantor as revealed upon the face of the instrument of conveyance.

We are satisfied that there was no error in the decree of the learned chancellor ratifying this sale, and it is therefore affirmed.